**In re Carlos HANSEN, Debtor.**

**Bankruptcy No. 90 B 5218 J.**

United States Bankruptcy Court,
D. Colorado.

April 9, 1991.

Benjamin Silva, III, Todd, Silva & Associates, P.C., Lakewood, Colo., for debtor.

## ORDER

ROLAND J. BRUMBAUGH,
Bankruptcy Judge.

THIS MATTER comes before the Court upon the Debtor's Motion to Reconsider Denial of Motion to Suspend Payments filed April 5, 1991.

On January 23, 1991, the Debtor filed a Motion for Suspension of Chapter 13 Plan Payments. There was an Objection to that Motion filed by General Motors Acceptance Corporation on February 13, 1991, and the Court set the matter for hearing for March 19, 1991. The Debtor failed to appear at the hearing and the Motion for Suspension was denied. The Debtor now seeks reconsideration of that denial.

In the past this Court has routinely granted such motions to suspend payments if there were no objections filed. However, the Court will no longer grant such motions. The reason is simple. In order for a debtor to obtain the type of relief requested he must comply with 11 U.S.C. § 1329 because such relief is a modification of the confirmed plan. Therefore, when a debtor desires to suspend payments, whether or not he also seeks an extension to the term of the plan, he must comply with § 1329. This means that, in accordance with § 1329(b)(1), he must file a Motion to Modify Plan, a Modified Plan, a new Plan Analysis, and a current budget. If he desires to extend the term of the plan

beyond the original 36 months, he must also show justification for such extension. And, of course, he must send notice of the Motion to Modify Plan to all creditors, the Standing Chapter 13 Trustee, and all other parties in interest.

Because of the Court's interpretation of § 1329, *supra,* there is no need to grant the within Motion to Reconsider, because such a motion is procedurally improper. The Debtor is free to file a Motion to Modify, etc., as outlined above at any time. It is, therefore,

ORDERED that the within Motion to Reconsider is denied.